1

2 **RIGHETTI GLUGOSKI, P.C.**
MATTHEW RIGHETTI, State Bar No. 121012
3 JOHN GLUGOSKI, State Bar No. 191551
456 Montgomery Street, Suite 1400
4 San Francisco, California 94104
Telephone: (415) 983-0900

5
**NATHAN & ASSOCIATES, APC**
6 REUBEN D. NATHAN, State Bar No. 208436
600 W. Broadway, Suite 700,
7 San Diego, California 92101
Tel:(619) 272-7014
8 Attorneys for Plaintiff, KARL PEREYRA

9                    UNITED STATES DISTRICT COURT FOR THE

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12 | KARLA PEREYRA, individually and on behalf of and all others similarly situated | ) | Case No.: |

13 | | ) | <u>CLASS ACTION</u> |

14 | Plaintiff, | ) | COMPLAINT |

15 | | ) | 1. Breach of Contract |
   | | ) | 2. Violation of Labor Code sections |
16 | vs. | ) |    510 & 1198 |
   | | ) | 3. Violation of Labor Code sections |
17 | | ) |    226.7(a) and 512(a) – Improper |
   GUARANTEED RATE, INC.; and DOES 1 | ) |    Meal Periods; |
18 through 10, inclusive, | ) | 4. Violation of Labor Code section |
   | | ) |    226.7(a) – Improper Rest Periods; |
19 | | ) | 5. Violation of Labor Code section |
   | | ) |    226(a) – Improper Wage |
20 | Defendants. | ) |    Statements; |
   | | ) | 6. Violation of Labor Code sections |
21 | | ) |    201-203 – Wages Not Paid Upon |
   | | ) |    Separation; |
22 | | ) | 7. Violation of Labor Code sections |
   | | ) |    221-224, et seq.; and |
23 | | ) | 8. Violation of Business and |
   | | ) |    Professions Code section 17200, et |
24 | | ) |    seq. – Unfair Business Practices. |
   | | ) |
25 | | ) |
   | | ) |
26 | | ) |
   | | ) |
27 | | ) |

28

**CLASS COMPLAINT**

**INTRODUCTION**

1.     Comes the representative Plaintiff, KARLA PEREYRA ("Pereyra" or "Plaintiff") file this lawsuit against Defendant, Guaranteed Rate, Inc. for herself and all other similarly situated individuals, for legal relief to redress unlawful violations of Plaintiff's rights under California Business and Professions Code §17200, et seq., and California Labor Code §§510, 1198, 1194, 201-203, 221-224, 226, and 226.7 committed by Guaranteed Rate, Inc. (collectively, "Guaranteed Rate" and/or "Defendant") which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.  The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to California law.

**JURISDICTION AND VENUE**

2.     This Court has personal jurisdiction over Defendant.  Defendant purposefully avails itself of the California market by employing individuals that sell its products/services to consumers within this County.

3.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

4.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Plaintiff's engaged in sale of services/products on behalf of Defendant to consumers within the District, substantial acts in furtherance of the alleged improper conduct, including breach of contract and other statutory violations that occurred within this District and the

Defendants conducts business in this District.   Defendants are in the business of selling loans to consumers.  Guaranteed Rate operates its business throughout the country, including in the State of California.

5.     The similarly situated individuals include all persons employed by Guaranteed Rate in the State of California who were expected to sell Guaranteed Rate's products and services to customers, including mortgage specialists (loan officers, loan originators, district branch managers, branch managers and all other similar positions) at any time from May 4, 2014 was filed through the date of judgment (hereinafter "Guaranteed Rate CA Employees" or "California Class").

6.     Defendant breached its compensation agreement with Plaintiff and class members and did not compensate Guaranteed Rate Employees in accordance with its employment agreement including statutory violations under the Labor Code for all hours they worked, including, but not limited to proper overtime and failed to compensate for missed meal/rest breaks or based on deduction of wages in California as more fully alleged herein.

7.     Plaintiff asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class.  The California Class claims are based upon breach of contract under the compensation agreement, the unlawful business practice of not paying members of the California Class their wages and/or compensation for all hours worked as required under the applicable California, in addition for failing to compensate members of the California Class for meal and rest breaks under California law including the Labor Code, UCL, and Wage Orders.

8.     The California Class also alleges claims under California based upon the illegal and unlawful business practices of failing to pay the California Class premium wages owed for overtime hours worked, which is also based on the legally required "regular rate" including any commission and/or bonus wage compensation.  Plaintiff is informed and believes, and based thereon alleges, that Guaranteed Rate knew or

should have known that Plaintiff and the other California Class members were a) entitled to receive premium wages for overtime compensation based on a regular rate that includes commission and/or bonus wages and that neither Plaintiff nor the California Class b) were receiving all minimum wages due and owing under the law for overtime hours worked, and c) failing to timely pay the California Class all wages owed upon discharge or resignation.  Plaintiff and the other California Class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204, d) failing to receive compensation for meal and rest breaks, e) failing to provide Plaintiff and the California Class with complete and accurate payroll/wage statements and/or reports in accordance with California law, and f) Defendant breached its contract with Plaintiff and the California class.  In addition, and on information and belief, Plaintiff and all similarly situated employees of Defendants, were regularly expected and compelled to work overtime in order to meet certain goals, to generate more sales, and to prevent loss of clientele.  Defendants failed to pay proper wage compensation and failed to properly compensate Plaintiff and all other similarly situated employees for overtime wages. During this liability period, Plaintiff and other similarly situated employees received commissions and nondiscretionary bonuses as well as an hourly rate. Defendants' pay policies and practices included a systemic failure to pay overtime and a miscalculation of the overtime rate for wage compensation, which is predicated on Plaintiff and all similarly situated employees' hourly rate and commissions/bonuses. On information and belief, Plaintiff asserts that Defendants failed to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation for both the California Class. This systemic miscalculation in failing to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating such employees, including Plaintiff, for overtime hours worked. Additionally, on information and belief, these commissions and bonuses were not

always paid when earned or when due, thereby making Defendants liable for failing to timely pay commissions and bonuses (or at times at all) and to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation for both the California Class.  This systemic failure to properly pay commissions and bonuses also led directly to Defendants undercompensating overtime hours worked for both the California Class. Defendants' failure to pay Plaintiff and other similarly situated employees the unpaid balance of premium overtime compensation violates the provisions of California Labor Code sections 510 and 1194, as well as IWC wage order 4-2001, which serves a predicate violation of California Business and Professions Code section 17200, et seq. for both the California Class.

9.     The California Class seeks to (i) breach of contract, (ii) recover daily and weekly unpaid compensation owed to the California class, (iii) missed meal, (iv) rest breaks, (v) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Guaranteed Rate has terminated and who have not been timely paid all wages due to them upon termination of their employment, (vi) damages as permitted under California Labor Code Section 226, and (vii) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

10.     Finally, the claim under Section 17200 of the California Business and Professions Code is alleged by Plaintiff on behalf of both herself and the California Class and seeks equitable and injunctive relief enjoining Defendants from the allegedly illegal conduct and for failing to make, keep and preserve the records required by California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

11.     Plaintiff is citizen of the United States, and resides in the State of California. At all times material herein, the named Plaintiff has been employed by Defendant.

## THE PARTIES

12.   The named Plaintiff, KARLA PEREYRA is a citizen of the United States residing in the state of California. Plaintiff, KARLA PEREYRA has standing to pursue claims pursuant to California Business and Professions Code Section 17200 on behalf of public interest.

13.   Plaintiff, KARLA PEREYRA is a former employee of Guaranteed Rate, who worked for Guaranteed Rate at in Orange County from approximately August 2015 to August 2016.  As an employee of Guaranteed Rate she was expected to sell Guaranteed Rate's products and services to customers and she held the position of mortgage specialist (loan officers, loan originators, district branch managers, branch managers and all other similar positions). During her employment with Guaranteed Rate Class, Plaintiff regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek and was not compensated for meal and rest breaks.  Plaintiff has not been paid all wages owed to her for all hours worked as required under the FLSA and California law.

14.   Plaintiff has been injured by the illegal practices and conduct alleged in this complaint.  Plaintiff's claims under the California law are similar to and typical of the claims of the members of the California Class.

15.   On information and belief, Defendant Guaranteed Rate, Inc. is a corporation incorporated in the State of Illinois with its headquarters located at Ravenswood, Chicago. Guaranteed Rate is qualified to and does do business in the State of California.

16.   Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of and its employment practices applicable to Plaintiff and the alleged California Class.

17.   Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

18.     At all times material to this action Defendants have been an "employer" of the named Plaintiff and the California class.

## CLASS ACTION ALLEGATIONS

19.  The California Class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

20.     Members of the California Class are so numerous that joinder of all such members is impracticable.  Although the exact size of the California Class is unknown, it is believed and alleged that the number of persons currently employed in the California Class is more than 50, and over the past four years, it is believed and alleged that Guaranteed Rate has employed more than 500 persons in the California Class.   The number of current and former members of the California Class is so numerous that joinder is impracticable if not impossible.

21.     There are questions of law and fact common to the California Class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include breach of contract, Defendants' policy and practice of systemically failing to include proper premium overtime calculations for weeks where commission and/or bonus is earned; whether employees were paid for missed meal and rest breaks or were unlawfully deducted wages from commission, whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

22.     The prosecution of separate actions by the California Class would create a risk of inconsistent or varying adjudications with respect to individual members of the California Class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

23.     Plaintiff will fairly and adequately protect the interests of the California Class because she and her counsel possess the requisite resources and abilities to

prosecute this case as a class action.

24.    The prosecution of separate actions by the California Class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

25.    The questions of law and fact common to the California Class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.Civ.P. 23(b)(3).) More specifically,

a .    Members of the California Class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

b .    Plaintiff is not aware of any other current litigation concerning the controversy already commenced by the California Class. (Fed.R.Civ.P. 23(b)(3)(B).)

c .    It is desirable to concentrate the litigation of the claims in this Court because Guaranteed Rate does a substantial amount of business in this district;

d .    This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

26.    Plaintiff contemplates providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified by the Court if they so request by a date specified within the notice, and that any judgment on as to the California Class claims, whether favorable or not, entered in this case will bind all members of the California Class except those who affirmatively exclude themselves by timely opting out.

27. Plaintiff also contemplates providing a notice or notices to all of the California class, as approved by the Court, to be delivered through the United States mail.

## FIRST CLAIM FOR RELIEF FOR VIOLATION
## BREACH OF CONTRACT
### (On Behalf of the California Class As Against Defendants)

28. Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 27, above except those paragraphs that are inconsistent with this cause of action for breach of contract.

29. On or about August 2015, Plaintiff entered into a written employment contract with Defendant. The contract was a Sales Compensation Plan and Agreement with additional terms such as Compensation, Corporate Objective, and Loan Pricing Schedule that incorporated by reference into the employment contract.

30. Defendant hired Plaintiff as a mortgage specialist and Plaintiff performed duties as a mortgage specialist for Defendant until approximately August 2016. Plaintiff reasonably expected that Defendant would comply with its contractual obligations and that Plaintiff and Defendant would comply with the requirements of California law as applicable to their contract obligations.

31. Plaintiff did and performed all, or substantially all, of the significant things that the employment contract required her to do including selling loans to Defendant's customers.

32. Defendant failed to abide by the terms of the employment contract – and failed to comply with its contractual obligations owed to Plaintiff under California law -- by failing to provide Plaintiff with the draw amount as stated and in the proper amounts, failing to provide Plaintiff with the basis points on each loan, failing to pay the correct commission payments for loans originated, failing to

pay the enhanced commission, failing to pay accurate monthly commissions after submitting questions within the time required, failing to pay all wages owed per the contract for each pay period, and imposing deductions for expenses not contemplated by the employment contract.

33.    Plaintiff and the California class were harmed as a result of Defendant's breach;

34.    Defendant's breach of the employment contract was a substantial factor in causing Plaintiff and the California class harm.

35.    Defendant is not excused from breaching the contract with Plaintiff and the California class.

36.    Plaintiff is entitled to damages provable at trial.

## SECOND CLAIM FOR RELIEF FOR VIOLATION
### Violation of Labor Code sections 510 & Industrial Welfare Commission Wage Order 4-2001, §3(A) – Unpaid Overtime and Double Time
**(On Behalf of the California Class As Against Defendant)**

37.    Plaintiff incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 36 of this Complaint.

38.    At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

39.    At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

40.    At all times herein set forth, IWC Wage Order section 4-2001(3)(A), which is applicable to Plaintiff and the California Class, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one-half (1 ½) his or her regular

rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week.  An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.  During this liability period, Plaintiff and the California Class received commissions as well as an hourly rate.

41.   Plaintiff and the California Class worked in excess of forty (40) hours per workweek for each workweek while employed by Defendants throughout the course of employment with Defendants, subject to any workweeks wherein Plaintiff and the California Class missed workdays as a result of sick days, personal emergencies, or anything else that would otherwise interfere with workweek schedules.  Defendants expected and required Plaintiff and the California Class to work but did not pay Plaintiff and the California Class for all hours worked on any given day or in any of the given workweeks herein mentioned.  Defendants failed to compensate Plaintiff and the California Class for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout their employment with Defendants.

42.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

43.   During the relevant time period, more specifically, three years dating back from the filing of the original Complaint, Plaintiff and the California Class worked in excess of eight (8) hours in one (1) work day and forty (40) hours in one (1) work week. During the relevant time period, more specifically, dating back three years from the filing of this Complaint, Plaintiff and the California Class frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in one (1) work day.

**CLASS COMPLAINT**

44.     On information and belief, Plaintiff and the California Class were regularly compelled to work overtime hours in order to meet certain goals, to generate more sales, to prevent loss of clientele, and to not properly compensate Plaintiff and the California Class for overtime wages.

45.     During the relevant time period, Defendants failed to pay all premium overtime wages due to miscalculation in failing to properly incorporate commission payments into the regular rate of pay when calculating overtime, which directly led to Defendants undercompensating Plaintiff and the California Class for overtime hours worked.  Additionally, on information and belief, Plaintiff alleges that these commissions were not always paid to Plaintiff and the California Class when earned or when due, thereby making Defendant liable for failing to timely pay commissions (or at times at all) and to properly incorporate these commission payments into the regular rate of pay when calculating overtime compensation.  This failure to properly pay commissions also led directly to Defendants undercompensating Plaintiff and the California Class for overtime hours worked.  On information and belief, there is a miscalculation of the overtime rate for compensation as well, which is predicated on Plaintiff and the California Class hourly rate and commission.

In addition, Defendant failed to pay double time wages owed to Plaintiff and the California Class for worked performed in excess of twelve (12) hours.  The same miscalculation by either not properly computing the overtime rate based on incorporating the commission payments into the regular rate of pay or delaying payment of commissions to Plaintiff and the California Class resulted in Plaintiff and the California Class from being undercompensated for worked performed in excess of twelve (12) hours at the double-time rate.

46.     During the relevant time period, Plaintiff and the California Class regularly performed "non-exempt" labor and therefore, are not deemed to be "Independent Contractors". Defendants' failure to pay Plaintiff and the California Class the unpaid

balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and is therefore unlawful.

47.     Defendants' failure to pay Plaintiff and the California Class the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and 1198 and is therefore unlawful.  Pursuant to Labor Code section 1194, Plaintiff and the California Class are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

48.     Pursuant to Labor Code section 558, Plaintiff and the California Class are entitled to fifty dollars ($50.00) for each pay period for which each employee was underpaid.

49.     This is in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which each employee was underpaid in addition to an amount sufficient to recover underpaid wages.

### THIRD CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code sections 226.7, 512(a), and Industrial Welfare Commission Wage Order 4-2001, § 11 – Improper Meal Periods

### (On Behalf of the California Class As Against Defendants)

50.     Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 49.

51.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

52.     At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

53.     At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day

without providing the employee with an off duty meal period of not less than thirty (30) consecutive minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

54.     The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

55.     During the relevant time period, Plaintiff and the California Class, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving an off duty meal period of not less than thirty (30) consecutive minutes.

56.     During the relevant time period, Plaintiff and the California Class, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving an off duty meal period of not less than thirty (30) consecutive minutes.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second off duty meal period of not less than thirty (30) consecutive minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands and expectations for its non-exempt employees with respect to the job goals thereby requiring Plaintiff and the California Class to interrupt or shorten their lawful meal periods of thirty (30) uninterrupted minutes and not being relieved of all duty.   Plaintiff and the California Class were forced to work in excess of five (5) hours per day on a regular basis without being provided an off duty meal period of not less than thirty (30) consecutive minutes. Upon information and belief, during the relevant time frame, Plaintiff and the California

Class s did not receive meal periods; in addition, Defendants' work demands and expectations and pressure from Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result of an implemented policy, regularly required Plaintiff and the California Class to return to work before completing an uninterrupted off duty meal period of not less than thirty (30) consecutive minutes. Upon information and belief, during the relevant time frame, Plaintiff and the California Class often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal off duty period of at least thirty (30) consecutive minutes for those shifts. Additionally, Defendants instructed their management and supervisors as a part of its schedule, policies, and demands required that Plaintiff and the California Class falsely record meal periods under a threat (of not receiving wages, retaliation, termination, and other similar forms of threats) or that Defendants' management, supervisors, and other persons with authority falsely recorded that meal breaks were offered, provided, and/or exercised by Plaintiff and the California Class, when in fact those meal breaks were not offered, provided or exercised by Plaintiff and the California Class, which was made pursuant to Defendants' instructions. During all relevant periods, Defendants illegally and unlawfully required Plaintiff and the California Class to work through meal periods. Wage orders required that Plaintiff and the California Class be compensated for the meal periods not provided to Plaintiff and the California Class. Defendant did not provide Plaintiff and the California Class with required meal break(s) throughout the course of their employment with Defendants. Defendants also failed to compensate Plaintiff and the California Class for meal periods that were not provided. Despite the above-mentioned meal period violations, Defendants never compensated Plaintiff and the California Class an additional hour of pay at their regular rate as required by California law when meal periods were not provided.

58.    Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Plaintiff and the California Class are entitled to recover from Defendant one (1) additional hour of pay at the employee's

regular rate of compensation for each work day that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

### FOURTH CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code section 226.7(a) – Improper Rest Periods

### (On Behalf of the California Class As Against Defendants)

59.   Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 58.

60.   At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

61.   At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

62.   IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

63.   "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872

(emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).)  "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).)  "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

64.    "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").)  "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).)  "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").)  "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.)  "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.).  Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.

65.    Defendant's compensation plan is in direct violation of rule established above, including as enunciated in *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7, regarding compensation for rest breaks pursuant to California law.  Through their employment with Defendants, Plaintiff and the California

Class were compensated under an activity based compensation plan.  The compensation plan paid zero wages for time spent on off duty rest breaks.

66.    Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and the other Class Members are entitled to recover from Defendant one (1) additional hour of pay at the employee's 'regular rate' of compensation for each rest period (a) that was not authorized and permitted, and/or (b) that was not paid time for a three-year statutory period dating back from the date of the commencement of this action.  Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and the California Class, were systematically not permitted and/or authorized to take one (1) ten (10) minute rest period (off duty for ten consecutive minutes) for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12. Plaintiff alleges that Plaintiff and the California Class, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.  Plaintiff alleges that Plaintiff and the California Class, were not paid for rest break time.  By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for paid rest breaks and/or for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

## FIFTH CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code section 226(a) – Improper Wage Statements

### (On Behalf of the California Class As Against Defendants)

67.    Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 66.

68.    Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in

writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

69.     Plaintiff, on information and belief and based upon such basis, allege that Plaintiff and the California Class were intentionally not provided accurate wage statements, pursuant to Labor Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiff and the California Class the correct wages that Plaintiff and the California Class were legally entitled to in order for Defendants to generate greater profits at the expenses of Plaintiff and the California Class.

70.     Defendants also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiff and the California Class, and such violations flow from Defendants' improper policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein.   More specifically, the

miscalculation of the overtime rate based on the commission rate and hourly rate, off-the-clock hours worked, and premium wage payments for missed meal and rest breaks should have been itemized on the wage statements issued by Defendants to Plaintiff and the California Class and constitutes a violation of California Labor Code section 226. Defendant's intentional conduct by failing to provide Plaintiff and the California Class with accurate wage statements have caused Plaintiff and the California Class to suffer injury in fact by depriving them of their wage records.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and the California Class have been, would have been, and are compelled to discover for accuracy, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.  Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiff and the California Class, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked. Defendants' Labor Code section 226 violations further injured members of the California Class by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders, and members of the California Class have been accordingly rendered unaware of how to calculate such compensation.

71.    Plaintiff, on information and belief and based upon such basis, allege that Plaintiff and each member of the California Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or an aggregate award not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

## SIXTH CLAIM FOR RELIEF FOR VIOLATION

## Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation

### (On Behalf of the California Class As Against Defendants)

72.     Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 71.

73.     At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

74.     At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

75.     During the relevant time period, Defendants failed to pay Plaintiff and the California Class, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

76.     Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation form employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiff and all other similarly situated employees who were separated from employment are entitled to compensation for all forms of wages earned,

including but not limited to unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

77.    Defendants' failure to pay Plaintiff and the formerly employed California Class members, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

78.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. Plaintiff and the California Class, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

### SEVENTH CLAIM FOR RELIEF FOR VIOLATION

### Violations of Labor Code §§ 221, 222, 223, 224 - Unlawful Deductions

### Wages/Commissions

### (On Behalf of the California Class As Against Defendants)

79.    Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 78.

80.    Labor Code § 221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

81.    Labor Code § 223 states: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

82.    As part of a uniform policy and procedure regarding sales and commissions,

Defendants had, and continue to have, a policy and practice of paying Plaintiff and California Class Members a guaranteed draw (without regards to actual hours worked) against commissions based on a percentage of the aggregate loan revenue from funding loans Defendants earn from the sales generated. No draw was paid for hours worked in excess of forty in a week. During this same time, Defendants had a custom and practice of deducting "draws" from commissions that were actually compensation for past workweeks in which no commissions were earned.

83. In addition to the "draws", Defendant made illegal deductions from Plaintiff and California Class Members' commissions as a result of early pay offs made by borrowers, high appraisal fees, and innocent errors made by Plaintiff and California Class Members. All of these deductions were/are illegal and violate Labor Code §§ 221, 222, 223, and 224.

84. Plaintiffs and California Class Members have therefore been injured, and are entitled to damages and restitution in an amount not less than the amount of commission wages wrongfully withheld by Defendants, according to proof at trial. The conduct of Defendants as alleged herein is inequitable, unfair and over- reaching, and has resulted in Defendants having profited unfairly and having been unjustly enriched.

85. Labor Code § 221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

86. Labor Code § 223 states: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

87. As part of a uniform policy and procedure regarding sales and commissions, Defendants improperly adjust, reduce and/or negate the sales made by Plaintiff and California Class Members for various improper deductions, such as company overhead.

88. Further, as part of a uniform policy and procedure regarding commissions, Defendants have deducted sums earned by and due to Plaintiff and California Class

Members by manipulating the "gross commissions" accounting figure from which the commissions of the Plaintiff and California Class Members are derived.

89.     As part of a uniform policy and procedure regarding sales and commissions, Defendants improperly adjust, reduce and/or negate the commissions on sales earned by the Plaintiffs and California Class Members by cancelling the loan and re-pricing it through its Arizona office.

90.     Defendants have benefited and profited from said sales originated by Plaintiff and California Class Members.

91.     Defendants attempted to bypass and circumvent its obligations by keeping these commission forfeiture terms hidden from the Plaintiff and California Class Members upon hire, and by failing and refusing to record and report all commissions earned and/or deducted.

92.     Defendants wrongfully withheld money from the Plaintiff and California Class Members in an amount equal to the commissions forfeited and retained by Defendants.

93.     Plaintiff and California Class Members have therefore been injured, and are entitled to damages and restitution in an amount not less than the amount of commission wages wrongfully withheld by Defendants, according to proof at trial.

94.     The conduct of Defendants as alleged herein is inequitable, unfair and over-reaching, and has resulted in Defendants having profited unfairly and having been unjustly enriched.

95.     Plaintiff and California Class Members request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## **EIGHTH CLAIM FOR RELIEF FOR VIOLATION**

### **Violation of Business and Professions Code section 17200, et seq.**

### **(On Behalf of the California Employees As Against Defendant)**

96.     Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 95.

97.   Defendants' conduct, as alleged herein, including not paying Plaintiff and the other California Class Members for all wages owed, including overtime wages, wages for missed meal periods and missed rest periods, not providing California Class Members with inaccurate wage statements; and not paying California Class Members all wages due upon separation from Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiff and California Class Members, and the general public.

98.   Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

99.   Plaintiff and California Class Members have been personally aggrieved by Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

100.   Defendants failed and refused to pay Plaintiff and California Class Members overtime wages in violation of the wage and hour overtime regulations established by the Fair Labor Standards Act ("FLSA"), wherein Plaintiff and California Class Members are non-exempt. More specifically, Defendants' conduct violated the FLSA by failing to pay overtime wages to Plaintiff and California Class Members, who regularly worked in excess of forty (40) hours per workweek.  Defendants failed and refused to provide Plaintiff and California Class Members with meal and rest breaks in violation of the California Labor Code §§226.7(a) and 512.   Defendants failed to reimburse Plaintiff and California Class Members business expenses pursuant California Labor Code §2800 and 2802.   Defendants failed to provide Plaintiff and California Class Members with accurate wage statements pursuant to California Labor Code section 226 as a result of failing to lawfully compensate Plaintiff and California Class Members and failed to provide Plaintiff and California Class Members with the wages owed upon separation pursuant to California Labor Code section 201-203. Defendants

violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiff and California Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

101.   Plaintiff and California Class Members seek restitution for Defendants knowingly and willfully (or should have known) that Plaintiff and California Class Members were non-exempt employees, but refused to pay Plaintiff and California Class Members in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiff and California Class Members.

102.   A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law.  In the instant case, Defendant has violated California labor laws and Defendants' conduct is in violation of the FLSA.

103.   Pursuant to Business and Professions Code section 17200, et seq., Plaintiff and California Class Members are entitled to restitution of the overtime wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this Complaint; reimbursement; a declaration that the above business practices are unlawful and unfair; and, a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and California Class Members.  Plaintiff, on behalf of the California Class Members, and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees which affects a significant public interest.

104.   Plaintiff through this action are conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 500 class members), there exists a necessity (Defendants maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate, which should not in the interest of justice be taken out of any award since these any disgorgement or restitution to Plaintiff and California Class Members are owed to them as wages for time worked while employed by Defendants.

### REQUEST FOR JURY TRIAL

Plaintiff hereby request a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

Plaintiff, on behalf of herself and all other members of the California Class and FLSA Class, pray for relief and judgment against Defendant(s), as follows:

Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representatives of the Classes; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

First Cause of Action

1.     For general, special, compensatory, and foreseeable damages.

2.     For such other and further relief as the Court may deem equitable and appropriate.

Second Cause of Action

1.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2.     For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due pursuant to Labor Code sections 218.6 and 1194;

3.     For reasonable attorney's fees and for costs of suit incurred herein pursuant to Labor Code sections 218.5 and 1194;

4.     For civil penalties pursuant to Labor Code section 558; and

5.     For such other and further relief as the Court may deem equitable and appropriate.

Third Cause of Action

1.     For payments pursuant to Labor Code section 226.7(b);

2.     For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.     For costs of suit incurred herein; and

**CLASS COMPLAINT**

4.      For such other and further relief as the Court may deem equitable and appropriate.

Fourth Cause of Action

1.      For payments pursuant to Labor Code section 226.7(b);

2.      For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem equitable and appropriate.

Fifth Cause of Action

1.      For all actual damages, according to proof;

2.      For statutory penalties pursuant to Labor Code section 226(e);

3.      For reasonable attorneys' fees and costs pursuant to Labor Code section 226(e); and

4.      For such other and further relief as the Court may deem equitable and appropriate.

Sixth Cause of Action

1.      For statutory penalties pursuant to Labor Code section 203;

2.      For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem equitable and appropriate.

Seventh Cause of Action

1.      For disgorgement of all ill-gotten gains;

2.      For restitution of "unpaid wages" to Plaintiffs and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

**CLASS COMPLAINT**

3.     For all damages and penalties associated with enforcement of Labor Code sections 221-224;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem equitable and appropriate.

<u>Eighth Cause of Action</u>

1.     For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

2.     For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

3.     For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;

6.     For reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5;

7.     For costs of suit incurred herein; and

8.     For such other and further relief as the Court may deem equitable and appropriate.

//

//

**CLASS COMPLAINT**

<u>General Prayer for Relief for All Causes of Action</u>

1.    For compensatory, special, punitive, and statutory damages;

2.    For costs of suit incurred herein;

2.    For actual, consequential, and special damages;

3.    For restitution;

4.    For reasonable attorney's fees provided by contract or statute; and

5.    For such other and further relief as the court may deem equitable and appropriate.

DATED: November 1, 2018                    **RIGHETTI GLUGOSKI, P.C.**


BY:    <u>*/s/ Matthew Righetti*</u>
       Matthew Righetti, Esq.
       Attorneys for Plaintiff,
       KARLA PEREYRA

DATED: November 1, 2018                    **NATHAN & ASSOCIATES, APC**


BY:    <u>*/s/ Reuben D. Nathan*</u>
       Reuben D. Nathan, Esq.
       Attorneys for Plaintiff,
       KARLA PEREYRA